IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAIT, JOHN BONILLA et al., | No. C04-2077 MEJ |
| Plaintiffs, | **REASSIGNMENT TO THE U.S. DISTRICT COURTS** |
| vs. | **REPORT AND RECOMMENDATION** |
| AVOCA TRUCKING & EXCAVATING, INC., et al., | **DISMISSAL FOR FAILURE TO PROSECUTE** |
| Defendants. / | |

## INTRODUCTION

The above captioned matter was scheduled for an Order to Show Case before Magistrate Judge Maria-Elena James on November 10, 2005. The parties failed to appear for the hearing. Given the circumstances of the case, the Court hereby reassigns the matter with a report and recommendation.

## BACKGROUND

Plaintiffs commenced this action on May 26, 2004. On July 19, 2004, Plaintiffs requested an Entry of Default by the Clerk, which was subsequently granted on July 29, 2004. On September 16, 2004, Plaintiffs moved for an Ex Parte Application to remove the case management conference off the calendar in light of the Entry of Default. In support of the Ex Parte Application, Plaintiffs' counsel represented that a Motion for Entry of Default Judgement would be filed within "sixty days" of October 2004. Plaintiffs' request was granted. The Court removed the above-captioned matter

from the calendar and ORDERED Plaintiff to file the Motion for Entry of Default Judgement within "sixty days" of the Court's Order.

On September 22, 2005, this Court scheduled an Order to Show Cause hearing on November 10, 2005, due to Plaintiffs' failure to submit a Motion for Entry of Default Judgement or provide an update as to the status of the case.

## DISCUSSION

Plaintiffs failed to appear to the Order to Show Cause hearing scheduled on November 10, 2005. Since Plaintiffs have taken no action in this matter since September 20, 2004, this Court recommends that the matter be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), which provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

While Rule 41(b) allows a defendant to move for dismissal for failure to prosecute, the Rule does not abrogate the power of a district court to dismiss a case on its own motion: "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631 (1962).

Here, Plaintiffs have taken no action in their case since requesting the Court to take the matter off calendar in light of the Entry of Default. The Court has given Plaintiffs more than ample time to file the Motion for Default Judgement. Furthermore, this Court gave Plaintiffs a second opportunity to file a Motion for Default Judgement by scheduling an Order to Show Cause hearing. Plaintiffs have been given a fair opportunity to file a Motion for Default Judgement and to explain why this requirement has not been met. Plaintiffs' failure to file a Motion for Default Judgement in conjunction with their failure to appear, amounts to a failure prosecute warranting dismissal.

1  Based on the foregoing analysis, the Court hereby RECOMMENDS that the District Court
2  dismiss this action for failure to prosecute.
3  Pursuant to Fed.R.Civ.P. 72, a party may serve and file objections to this Report and
4  Recommendation within 10 days after being served with a copy of said report.

6  IT IS SO RECOMMENDED.

8  Dated: November 14, 2005

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3